UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18CR685 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DIANE VETTORI-CARABALLO, | ) | |
| ISMAEL CARABALLO, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S TRIAL BRIEF**

Pursuant to the Court's Criminal Jury Trial Order of November 26, 2018, the United States submits this trial brief which discusses evidentiary and other legal issues that government anticipates may arise at trial.

## I. OVERVIEW OF THE CASE

### A. Charges as set forth in the Superseding Indictment

1. The Indictment charges Defendant Diane Vettori-Caraballo with the following offenses:

        Count 1:      18 U.S.C. § 1341 and 2 (Mail Fraud)

        Count 2:      31 U.S.C. § 5324(a)(3); 31 C.F.R. § 103.11; and
                          18 U.S.C. § 2 (Structuring)

        Count 3:      18 U.S.C. § 1001 (False Statement to Law Enforcement)

    Count 4:  26 U.S.C. § 7206(1) (Making and Subscribing a False Tax Return)

 2. The Indictment charges Defendant Ismael Caraballo with the following offense:

    Count 4:  26 U.S.C. § 7206(1) (Making and Subscribing a False Tax Return)

 **B. Government's Theory of the Case**

 This is a theft case.   Under the government's theory of the case, Diane Vettori-Caraballo, an attorney licensed to practice law in the State of Ohio and Judge of the Mahoning County Court #3 – Sebring Court, devised a scheme to defraud the Mahoning County Probate Court, Animal Charity Humane Society of Boardman, Ohio, and Angels for Animals Charity of Canfield, Ohio, and to obtain money and property by means of false and fraudulent pretenses (Count 1).   Diane Vettori-Caraballo represented the Fiduciary in the administration of the estate of Dolores Falgiani.   Diane Vettori-Caraballo stole between $100,200 and $328,000 in cash from the estate, none of which was reported on the Schedule of Assets with the Probate Court and all of which funds were taxable income to her and her husband, Defendant Ismael Caraballo.

 From on or about May 2, 2016 to on or about June 3, 2016, Diane Vettori-Caraballo, knowingly and for the purpose of evading the currency transaction reporting requirements structured twenty-four cash deposits, each deposit was under $10,000 and totaled approximately $100,200 (Count 2).   On March 29, 2017, Diane Vettori-Caraballo made false statements to a Special Agent of the Federal Bureau of Investigation when she claimed she never "received a nickel" from the Falgiani estate and claimed cash deposited on May 3, 2016, ($4,900 at Huntington Bank, $3,800 at Key Bank and $4,900 at Home Savings Bank) came from her father's estate, explaining that her father had died very shortly prior to May 3, 2016 when in fact

he had died a full year earlier and the cash she deposited was proceeds of her theft from the Falgiani estate (Count 3).   In addition, in discussing the source of cash deposits as described in Count 2, Vettori-Caraballo made false statements to a Special Agent of the FBI when she stated the funds were derived from her husband's retirement account.

The defendants, Diane Vettori-Caraballo and Ismael Caraballo, then conspired to defraud the IRS and also to evade taxes by not reporting the funds received as taxable income.   Diane Vettori-Caraballo and Ismael Caraballo made a written declaration that their 2016 U.S. Individual Income Tax Return, Form 1040 was made under penalties of perjury and was correct, when in fact they knew that the return understated total income by failing to report income they had that year, approximately $91,000, resulting in a tax due and owing of $22,126 (Count 4).

## II.  ELEMENTS OF VIOLATIONS

### A.  Title 18, United States Code Section 1341 and 2 (Mail Fraud)

1.  Statutory Language

    The statute provides, in part:

    Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier . . . [shall be guilty of an offense against the laws of the United States].

2.  Elements of the Offense

    a.  That Defendant Diane Vettori-Caraballo knowingly participated in, devised, intended to devise a scheme to defraud in order to obtain

3

        money or property, that is Defendant Diane Vettori-Caraballo diverted monies from the Falgiani estate for her personal use;

    b.    That the scheme included a material misrepresentation or concealment of a material fact;

    c.    That Defendant Diane Vettori-Caraballo had the intent to defraud; and,

    d.    That Defendant Diane Vettori-Caraballo used the mail or caused another to use the mail in furtherance of the scheme.

### Aiding and Abetting Mail Fraud

1. <u>Elements of the Offense</u>

    a. That the crime of mail fraud was committed;

    b. That the Defendant Diane Vettori-Caraballo helped to commit the crime, or encouraged someone else to commit the crime; and,

    c. That the Defendant Diane Vettori-Caraballo intended to help commit, or encourage, the crime.

**B.    Title 31, United States Code Section 5324(a)(3) (Structuring)**

1. <u>Statutory Language</u>

    The statute provides:

    No person shall, for the purpose of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by any regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508 – structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

4

    2.     <u>Elements of the Offense</u>

        a.     That Defendant Diane Vettori-Caraballo knew of the domestic financial institution's legal obligations to report currency transactions in excess of $10,000;

        b.     That Defendant Diane Vettori-Caraballo knowingly structured, attempted to structure, assisted in structuring, a currency transaction; and,

        c.     That the purpose of the structured transaction was to evade that reporting obligation.

**C.     Title 18, United States Code Section 1001 (False Statements)**

    1.     <u>Statutory Language</u>

    The statute provides:

    [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (2) makes any materially false, fictitious, or fraudulent statement or representation . . . [shall be guilty of an offense against the laws of the United States].

    2.     <u>Elements of the Offense</u>

        a.     That the Defendant Diane Vettori-Caraballo made a statement or representation;

        b.     That the statement was false, fictitious or fraudulent;

        c.     That the statement or representation was material;

        d.     That the Defendant Diane Vettori-Caraballo acted knowingly and willfully; and

        e.     That the statement pertained to a matter within the jurisdiction of the executive, legislative or judicial branch of the United States Government.

    **D.    Title 26 United States Code Section 7206(1) (Making and Subscribing a False Tax Return)**

        1.    <u>Statutory language</u>

Section 7206(1) of Title 26 of the United States Code provides, in pertinent part:

> Any person who - [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . [shall be guilty of an offense against the laws of the United States].

        2.    <u>Elements of the Offense</u>

            a.    Defendants, Diane Vettori-Caraballo and Ismael Caraballo, made and signed U.S. Income Tax Return for calendar year 2016 that contained false information as to a material matter as detailed in the indictment, namely that their tax return for calendar year 2016 claimed taxable income in an amount which was less than the actual amount of income received for the calendar year;

            b.    Defendants, Diane Vettori-Caraballo and Ismael Caraballo, knew this information was false;

            c.    The return contained a written declaration that it was made under the penalties of perjury; and

            d.    In filing the false tax return, or causing it to be filed, the Defendants, Diane Vettori-Caraballo and Ismael Caraballo, acted willfully, with the intent to file a return that was false.

**III.    <u>ANTICIPATED LEGAL ISSUES AT TRIAL</u>**

The United States does not anticipate any legal issues at trial. Should an issue arise, the United States is prepared to brief the Court.

6

## IV.     MISCELLANEOUS TRIAL MATTERS

### A.     Submitting the Indictment to the Jury

The Sixth Circuit has held that the trial judge has the discretion to submit the indictment to the jury in a criminal case as long as limiting instructions are given to the effect that the indictment is not to be considered as evidence of the guilt of the accused.  United States v. Cooper, 577 F.2d 1079, 1089 (6th Cir. 1978) ("It was not error for the trial judge to have permitted the jury to have a written copy of the indictment, especially where, as here, the jury was fully instructed that it could not consider the indictment as evidence of the crime itself.") Accord, United States v. Russo, 480 F.2d 1228, 1244 (6th Cir. 1973).   The government would also rely on the Sixth Circuit Pattern Jury Instructions (Criminal) §2.02 (2019) (commentary) which provides, in pertinent part, "However, jury confusion can arise, particularly in complex cases, if the indictment is not read, accurately summarized or sent to the jury room." *citing* United States v. Bustamante, 1992 WL 126630 (6th Cir. 1992)(unpublished).   Given the length of trial and nature of the charges involved in the case, the government asks that the Court submit the Indictment to the jury with a limiting charge that the Indictment is not evidence of a defendants' guilt.

### B.     Admissibility of Duplicates and Photocopies

Copies of reproductions or reprints are admissible to the same extent as originals whether the original is in existence or not.   28 U.S.C. § 1732(b) (Federal Business Record Act). Therefore, such reproductions are admissible in the same manner as the originals.   United States v. Carroll, 860 F.2d 500, 507 (1st Cir. 1988) (microfilm of checks is admissible); United States

v. Saputski, 496 F.2d 140, 141 (9th Cir. 1974); Williams v. United States, 404 F.2d 1372, 1373 (5th Cir. 1968).

The government intends to admit documents as evidence which are duplicates and photocopies of original documents. Rules 1001 and 1003 govern the admissibility of duplicate documents. Federal Rule of Evidence 1004 states, "[a] duplicate is admissible to the same extent as an original unless (1) genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

### C. Computer-Assisted Presentation of Evidence

To maximize efficiency, the government intends to present evidence through the Court's electronic presentation system, using Trial Director software. With the Court's permission, the government intends first to have the witness identify the document to be admitted, allow a moment for counsel to voice any objection, and then publish the document to the jury.

### D. Presence of Government's Agents at Trial

The government anticipates the Court ordering a separation of witnesses pursuant to Federal Rule of Evidence 615. The government requests the Court to permit three representatives to remain in the courtroom throughout the trial, all three to assist the government at counsel table.

Federal Rule of Evidence 615(2) specifically excludes from the sequestration order "an officer or employee of a party which is not a natural person designated as its representative by its attorney." The government anticipates designating FBI Special Agents Deane Hassman and Aaron Hayes and IRS Special Agent Brad Nickerson, as case agents and who will serve as the government's representatives present at counsel table.

### E. Use of Summary Charts to Present Voluminous Information

The Court is aware that the Indictment charges structuring which involved twenty-four cash deposits made at five different financial institutions throughout the Northern District of Ohio. To present this evidence in an efficient and organized way, the government is preparing summary charts, which will depict, among other things: summary of cash deposits; summary map of bank branch locations of cash deposits; summary of cash flowing through bank accounts to pay credit cards; and summary spreadsheet of money used to pay credit cards.

These summary charts are themselves admissible evidence under Federal Rule of Evidence 1006, and the government will seek to admit them as substantive evidence, which the jury can reference during deliberations. Federal Rule of Evidence 1006 permits for such use of summary charts, by providing that "contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." The use of summary materials has been approved by the Sixth Circuit. *See* United States v. Bray, 139 F.3d 1104, 1112 (6th Cir. 1998). The government will also include in its proposed jury instructions, the Sixth Circuit's pattern jury instruction 7.12.

The summary charts will accurately depict the evidence to be presented to the jury and will streamline the trial considerably by condensing numerous of exhibits into a handful of summary charts. For each summary chart the government anticipates using at trial, the government has complied with Rule 1006 by providing the underlying documents to Defendant and/or making the underlying documents available for examination and copying in advance of the Court's discovery deadline. Furthermore, the government will provide the charts to Defendants in advance of trial.

**F. Length of Trial**

The government anticipates its case-in-chief to last approximately one (1) week subject to defense counsel's cross-examinations and willingness to enter into stipulations. The government anticipates calling approximately fifteen witnesses during the trial. The government will supplement or update the witness list submitted to the Court as soon as it anticipates any additional witnesses.

**G. Stipulations**

The government and counsel for Defendant Diane Vettori-Caraballo and Defendant Ismael Caraballo have jointly agreed on stipulations which are submitted in a separate document. To the extent necessary, the government intends to file a notice for any business records—that were not stipulated to—it intends to introduce pursuant to Federal Rule of Evidence 902(11) and (14) to avoid having to call any unnecessary witnesses.

**H. Jury Instructions**

Due to its length, the government and counsel for Defendant Diane Vettori-Caraballo and Defendant Ismael Caraballo have prepared joint proposed jury instructions as a separate document.

**I.     Voir Dire**

The government has prepared its proposed Voir Dire questions as a separate document.

                Respectfully submitted,

                JUSTIN E. HERDMAN
                United States Attorney

By:    /s/ Alejandro A. Abreu
         Brian M. McDonough (OH: 0072954)
         Alejandro A. Abreu (OH: 0089477)
         Assistant United States Attorneys
         801 West Superior Avenue, Suite 400
         Cleveland, Ohio    44113
         (216) 622-3965/3620
         (216) 522-8355 (Facsimile)
         Brian.McDonough@usdoj.gov
         Alejandro.A.Abreu@usdoj.gov

**Certificate of Service**

    I hereby certify that on this 19th day of February 2019 a copy of the foregoing United States' Trial Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                        By:    /s/ Alejandro A. Abreu
                                                        Brian M. McDonough (OH: 0072954)
                                                        Alejandro A. Abreu (OH: 0089477)
                                                        Assistant United States Attorneys
                                                        801 West Superior Avenue, Suite 400
                                                        Cleveland, Ohio    44113
                                                        (216) 622-3965/3620
                                                        (216) 522-8355 (Facsimile)
                                                        Brian.McDonough@usdoj.gov
                                                        Alejandro.A.Abreu@usdoj.gov